NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAOPING SONG,<br><br>       Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>       Respondent. | No.   17-71101<br><br>Agency No. A205-180-216<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2020[**]
Pasadena, California

Before:  BERZON, R. NELSON, and LEE, Circuit Judges.

Petitioner Xiaoping Song, a native and citizen of China, seeks review of the

Board of Immigration Appeals's order denying her applications for asylum and

withholding of removal.[1] Song argues that the BIA's adverse credibility

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1]     Because Song failed to challenge the Immigration Judge's denial of her request for Convention Against Torture (CAT) relief before the BIA, and did

determination is not supported by substantial evidence. We deny the petition.

Substantial evidence supports the BIA's adverse credibility determination. Song's documentary submissions in support of her application for relief contain several errors and internal inconsistencies that Song was unable to adequately explain to the Immigration Judge, raising credibility concerns. *Wang v. Sessions*, 861 F.3d 1003, 1006 (9th Cir. 2017). For instance, Song did not have a reasonable explanation for the discrepancy between the citizen identification number listed on her identification card and the identification number listed on her 1999 household registry. Notably, her marriage certificate and son's birth certificate both also provide a different identification number than that listed on the 1999 registry, although the information listed on those documents supposedly predates that registry. Furthermore, the BIA's determination is bolstered by concerns about the identity of Song's husband, including Song's admission that she knowingly submitted documents for her past nonimmigrant visa application showing as her husband a different individual than she now represents to be her husband. *See Akinmade v. INS*, 196 F.3d 951, 956 (9th Cir. 1999) (although false statements made for the purpose of gaining entry to the United States are generally "incidental" to the merits of an asylum claim, false statements which involve "the

---

not raise it in her brief before this panel, her CAT claim is waived. *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009) (en banc).

heart of the asylum claim" may be considered in an overall assessment of the applicant's credibility) (internal quotation marks and citations omitted).  Finally, Song failed to provide adequate corroborating evidence to offset these issues and substantiate her claims.

In light of these inconsistencies, a "reasonable adjudicator would [not] be compelled to conclude" from the record that Song's testimony was credible.  8 U.S.C. § 1252(b)(4)(B).  Without credible testimony, Song's claims for asylum and withholding of removal fail.  *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**